```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ASHER FINE,                                                  :
                                                             :    Case No.:
                            Plaintiff,                       :
                                                             :    COMPLAINT
         -  against  -                                       :
                                                             :
SELIP & STYLIANOU, LLP,                                      :
                                                             :
                            Defendant.                       :
------------------------------------------------------------ X
```

ASHER FINE (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, complains, states and alleges against SELIP & STYLIANOU, LLP (hereinafter referred to as "Defendants"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant is a New York entity with a principal place of business located at 199 Crossways Park Drive, Woodbury, NY 11797.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. On April 20, 2018, the parties entered into an agreed order and settlement agreement wherein a previous judgment was vacated, and the case was restored and settled as an active case. See agreed order and settlement agreement attached hereto as Exhibit 1.

13. The parties agreed that the Plaintiff would pay the original creditor via the Defendant a total of $3,762.00 paying out the balance at $50.00 per month starting on May 16, 2018. See Exhibit 1.

14. However, despite the settlement agreement, which was 'so ordered' by the state court judge, the Defendant would not adjust its balance down, and kept on seeking a higher balance.

15. Every time the Plaintiff would attempt a payment, the Defendant's system kept on stating a higher balance than what was owed.

16. It happened so frequently, the Plaintiff recorded the Defendant's automated system which, as an example, stated on June 11, 2018 regarding Defendant's file number D090679 that "Your current balance is $7,523.31. Your last payment was received on June 11, 2018." A copy of this recording is freely available to the Defendant upon request.

17. However, the balance is factually false on the Defendant's automated system, as the parties had previously agreed to settle the account for $3,762.00.

18. Accordingly, not only does it appear as though the Defendant has not recognized the settlement agreement and is seeking a higher balance, the Plaintiff has made it confusing for the Plaintiff to determine how much he has paid, how much he still owes, and leaves Plaintiff uncertain of when he actually will pay off the balance so that he does not pay more than what was agreed, as well as being uncertain that the Defendant will close the account as settled or paid in full

19. The phone recording is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

21. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

22. Defendant's inflated balance which is in fact not the balance on the account is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

23. Defendants' refusal or inability to have a correct balance on its system, thereby confusing the Plaintiff as to what the actual balance is or when he would be finished the payment

plan is a false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10).

24. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

## **JURY DEMAND**

25. Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

Dated: December 10, 2018

Brooklyn, New York

  /s/ Joseph Balisok               
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Isaac@LawBalisok.com
Attorney for Defendant